# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH ULLRICH, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-1605 |
| v. | |
| ERIC K. SHINSEKI, United States Secretary of Veterans Affairs, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant's Motion for Summary Judgment. (Doc. 25.) For the reasons discussed below, the Motion will be granted.

## BACKGROUND

Plaintiff is a Safety Officer at the Veterans Affairs Medical Center ("VAMC") in Wilkes Barre, PA. Plaintiff and Judity O'Leary, another VAMC employee, are the parents of a daughter. A custody order in place from July 17, 2007 states that neither parent can bring the daughter to their place of employment, unless it is to a work-sanctioned event. On January 7, 2009, Plaintiff called Janice Boss, the director of the VAMC, and asked if he could bring his daughter to work until Plaintiff's parents could pick her up because her school was closed due to inclement weather. Having forgotten about the language in the custody order, Ms. Boss told Plaintiff that he could bring his daughter to work until Plaintiff's parents could pick her up. Later that day, Ms. O'Leary went to the VAMC police, told Sgt. Gabriel about the Plaintiff's violation of the custody order, and Sgt. Gabriel completed a Uniform Incident Report. Chief Donnelly then saw the incident report and a short time later he ran into Plaintiff at the hospital. Chief Donnelly stated in his Declaration that he asked

Plaintiff about the existence of the court order, and Plaintiff told him there was no such order in place. Plaintiff denies having told him there wasn't an order. In late January or early February, Ms. O'Leary contacted Ms. Boss and complained to her that the hospital was aiding Plaintiff in breaking the court order. Ms. Boss then instructed Chief Donnelly to look into whether there was such an order in place. Chief Donnelly told Ms. Boss that Plaintiff had told him there wasn't any order, but then a copy of it was provided to Ms. Boss. Ms. Boss then questioned Plaintiff, who told her that he had told Chief Donnelly about the order. Cassandra Davis, Plaintiff's supervisor, then questioned Plaintiff and Chief Donnelly about what Plaintiff had told Chief Donnelly regarding the court order. Plaintiff told Ms. Davis that he had told the Chief about the order, while the Chief said that Plaintiff had denied there was an order in place. Ms. Davis believed Chief Donnelly's version of the events and reported to Ms. Boss. Ms. Davis, after consulting with VAMC's Labor Relations\Employee Relations Section about what would be appropriate disciplinary action for Plaintiff's lack of candor, proposed Plaintiff be suspended for five days without pay on March 13, 2009. Plaintiff and his attorney sent written responses to Ms. Davis in which they claimed that Plaintiff had been truthful and that Plaintiff was being discriminated against. Plaintiff was suspended on April 23, 2009 for five days. Plaintiff filed his Complaint on April 19, 2009. (Doc. 1.) In his Complaint, Plaintiff brought claims for Hostile Work Environment (Count I); Discrimination (Count II); and Retaliation (Count III). Defendant then filed a Motion for Summary Judgment on January 3, 2011. (Doc. 25.) The motion has been briefed by both sides and is ripe for review.

**LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material

facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## **DISCUSSION**

As an initial matter, Plaintiff has failed to adequately counter Defendant's Statement of Material Facts ("Def. SMF"), as *per* Local Rule 56.1. As a result, all of these facts are deemed admitted for purposes of the Summary Judgment Motion.

Local Rule 56.1 states:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried. The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried. *Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements*. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

(emphasis added).

Here, Plaintiff, in responding to Defendant's Motion for Summary Judgment and Statement of Material Facts, did not cite to the record in support of his responses. However, while Defendant's material facts are admitted, the Court will still apply the

4

applicable law to those facts to determine if judgment for the Defendant is appropriate. *See Anchorage Assoc. V. Virgin Island Bd. Of Tax Review*, 922 F. 2d 168, 175 (3d Cir. 1990).

**I.     Plaintiff's Age and Gender Discrimination Claims and Plaintiff's Retaliation Claim**

Summary judgment will be granted in favor of Defendant as to Plaintiff's age and gender discrimination claims (Count II) and Plaintiff's retaliation claim (Count III) because Plaintiff has failed to put forth any evidence to establish a prima facie discrimination or retaliation case.

Plaintiff's age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), his gender discrimination claim under Title VII, as well as his Equal Employment Opportunity ("EEO") retaliation claim, all fall within the framework first set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1978). *See Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F. 3d 535 (3d Cir. 2006) (gender discrmination); *Shellenberger v. Summit Bancorp, Inc.*, 318 F. 3d 183 (3d Cir. 2003) (EEO retaliation); *Lawrence v. Nat'l Westminster Bank N.J.*, 98 F. 3d 61 (3d Cir. 1996) (age discrimination).

In this framework, the plaintiff must first establish a *prima facie* case of discrimination. For a claim of gender or age discrimination, a plaintiff must establish that: (1) they are a member of the protected class; (2) they are qualified for the position held; (3) they suffered an adverse employment action; and (4) the circumstances permit an inference of unlawful discrimination. *Scheidemantle*, 470 F. 3d at 539 (gender); *Lawrence*, 98 F. 3d at 65 (age). To prevail under a theory of illegal retaliation, "a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the

5

employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Schellenberger*, 318 F. 3d at 187 (quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir.1997)).

If the employee succeeds in establishing a *prima facie* case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory or nonretaliatory reason for the employer's action. *Schellenberger*, 318 F. 3d at 187; *Scheidemantle*, 470 F. 3d at 539; *Lawrence*, 98 F. 3d at 65. If the employer meets this burden, the employee must then prove that the employer's stated reasons are merely pretextual.

To establish that the proffered reason is pretextual, the plaintiff must point to either direct or circumstantial evidence from which a factfinder could reasonably either: (1) disbelieve the employer's articulated legitimate reasons, or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. *Fuentes v. Perskie*, 32 F. 3d 759, 764 (3d Cir. 1994).

Here, with respect to the age and gender discrimination claims, Plaintiff has failed to present any evidence to satisfy the fourth element in a *prima facie* case, viz., showing that the circumstances allow an inference of unlawful discrimination. While the Plaintiff has alleged that he is a member of the protected groups, that he is qualified for his position, and that he suffered an adverse employment action, the only evidence on the record with respect to the fourth element is that this adverse action was the result of Plaintiff's not being forthcoming with Chief Donnelly about the existence of the custody order. While the Complaint appears to allege that Plaintiff was wrongfully punished for bringing his daughter to work after he had received permission from Ms. Boss to do so, the record developed by

Defendant, including the language of the notice of the suspension sent to Plaintiff, clearly states that the reason for Plaintiff's suspension was his lack of candor regarding the existence of the custody order. Based on the record before the Court, there is no basis from which to infer that Plaintiff's suspension was the result of unlawful discrimination. With respect to establishing a *prima facie* retaliation case, Plaintiff has failed to establish a causal link between the protected activity, Plaintiff's prior EEOC complaint, and the adverse action. Other than stating in his Complaint that he filed an EEOC action in the past against the hospital, Plaintiff has brought forth no evidence as to when the claim was brought, against whom it was brought, the nature of the claim, etc. Without this information, it is impossible to establish a causal link between the filing of the EEOC claim and Plaintiff's suspension, or even that Plaintiff engaged in a protected activity.

Furthermore, even assuming *arguendo* that Plaintiff had made out a *prima facie* discrimination or retaliation case, Plaintiff has not produced any evidence of "pretext" to challenge the record developed by the Defendant that Plaintiff was disciplined solely because of his lack of candor when initially questioned by Chief Donnelly regarding the existence of a custody order forbidding the Plaintiff from bringing his daughter to his place of employment. Plaintiff has brought forth no evidence that would lead the Court to question Defendant's stated motive and the record that supports that motive.

### II.     Plaintiff's Hostile Work Environment Claim

Summary Judgment will also be granted to the Defendant with respect to Plaintiff's hostile work environment claim (Count I).

To establish a hostile work environment claim, a plaintiff must show that: (1) they

> suffered intentional discrimination because of their sex, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position, and (5) the existence of *respondeat superior* liability.

*Weston v. Pennsylvania*, 251 F. 3d 420, 426 (3d Cir. 2001) (quoting *Andrews v. City of Phila.*, 895 F. 2d 1469, 1482 (3d Cir. 1990)). "The conduct in question must be severe and pervasive enough to create an 'objectively hostile or abusive work environment-an environment that a reasonable person would find hostile-and an environment the victim-employee subjectively perceives as abusive or hostile'." *Weston*, 251 F. 3d at 426 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993).)

Here, Plaintiff has not presented any evidence of a hostile work environment. Plaintiff claims in his Brief opposing the Motion for Summary Judgment that the investigation to which he was subjected was basically tantamount to harassment. However, a brief is not evidence. Furthermore, there is nothing in the record to indicate that Defendant did anything more than conduct the minimal amount of investigatory work necessary to determine what the Plaintiff had said to Chief Donnelly regarding the custody order, i.e. interview the Plaintiff and the Chief about what the Plaintiff had told the Chief when Plaintiff was initially questioned about the order. There is no evidence in the record of pervasive or regular harassment, nor that the "investigation" and suspension of the Plaintiff was based on his gender.

8

**CONCLUSION**

For the reasons stated above, the Court will grant Defendant's Motion for Summary Judgment (Doc. 25). An appropriate order follows.

3/8/11 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KEITH ULLRICH,

    Plaintiff,

        v.

ERIC K. SHINSEKI, United States
Secretary of Veterans Affairs,

    Defendant.

CIVIL ACTION NO. 3:09-CV-1605

(JUDGE CAPUTO)

## ORDER

**NOW**, this ___8th___ day of March, 2011, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 25) is **GRANTED**. Judgment is entered in favor of Defendant Eric K. Shinseki and against Plaintiff Keith Ullrich. The Clerk of Court is directed to mark the case as closed.

                                             /s/ A. Richard Caputo
                                             A. Richard Caputo
                                             United States District Judge